**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JEREN M. MILLS**                                                                                    **PLAINTIFF**

**v.**                                              **Case No. 3:25-cv-186-JM**

**JEROME T. KEARNEY,**
**Judge**, *et al*.                                                                                    **DEFENDANTS**

**ORDER**

Plaintiff Jeren Mills brings this civil rights action under 42 U.S.C. § 1983. His motion to proceed *in forma pauperis* (Doc. 1) is granted. He reports little income and few assets. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

The Court must screen his complaint. 28 U.S.C. § 1915(e)(2). "A *pro se* plaintiff must set forth enough factual allegations to 'nudge[] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A public records search reveals that, in September 2025, a federal jury found Mills guilty of four drug and firearm felonies. *See United States v. Mills*, No. 3:23-cr-69-BSM (E.D. Ark.) (Doc. 84). He is currently released pending sentencing on that conviction. Relying on civil and criminal conspiracy law as well as 42 U.S.C. § 1983, Mills sues United States Magistrate Judge

Jerome Kearney, Assistant United States Attorney Stephanie Mazzanti, United States District Judge Brian Miller, and the United States. (Doc. 2).  Mills challenges aspects of his criminal trial and contends that defendants conspired to commit fraud and violated his right to due process. In support of this claim, he attaches his criminal defense's unsuccessful motion to dismiss the indictment. (*Id*. at 6–23). Mills also alleges he was wrongly forced to stop his mobile barber business when he was placed on home confinement. (*Id*. at 4).  He seeks damages. (*Id*.).

Mills's claims fail for a number of reasons. First, his reliance on portions of the federal criminal code is misplaced as the code does not create a private right of action. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Second, his civil conspiracy and fraud claims are completely conclusorily pleaded and unsupported by argument.  *Iqbal*, 556 U.S. at 678. Third, the relief he seeks, damages, is unavailable. Any claims arising from the validity of his sentence are *Heck*-barred because Mills has not demonstrated that his conviction has been invalidated, reversed, or expunged; therefore, his damages claims cannot proceed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly unconstitutional conviction or imprisonment in proceeding that would render conviction or sentence invalid, plaintiff must prove that conviction or sentence was reversed, expunged, declared invalid, or called into question). Fourth, even if Mills's claims were not *Heck*-barred, sovereign immunity bars his damages claims against the United States, federal judges, and prosecutors. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Fifth, both judges and prosecutors are absolutely immune from suit for actions taken in their judicial or prosecutorial roles (including setting conditions of release). *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (prosecutors). To the extent that Mills is attacking the validity of his conviction, he must do so on appeal of that sentence or in a writ of *habeas corpus*.  *Preiser v. Rodriguez*, 411 U.S. 475, 500

2

(1973).

Mills's complaint fails to state a claim for relief. It is, therefore, dismissed without prejudice.

IT IS SO ORDERED this 5th day of June, 2026.

_____
UNITED STATES DISTRICT JUDGE